IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00021-MSK

HAL LEWIS HEBERT,

      Petitioner,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

**ORDER TO DISMISS IN PART AND FOR ANSWER**

      THIS MATTER comes before the Court on the Application for a Writ of Habeas Corpus ("Petition") (#3) filed by *pro se* Petitioner Hal Lewis Hebert. Mr. Hebert also has filed a memorandum in support of the Petition ("Memorandum in Support") (#5). Mr. Hebert is challenging the validity of his conviction in Denver District Court case number 01CR2554. On January 11, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 27, 2011, Respondents filed their Pre-Answer Response (#9). On March 8, 2011, Mr. Hebert filed his reply to the Pre-Answer Response (#12).

      The Court must construe the Petition and other papers filed by Mr. Hebert liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

Mr. Hebert was arrested outside his home and charged with first degree murder in connection with the death of his wife, whose body had been discovered in the trunk of her car at another location. Following his arrest, the police entered and searched Mr. Hebert's home. Later that evening, the police obtained and executed a warrant to search Mr. Hebert's home.

Prior to trial, Mr. Hebert's motions to suppress were granted by the trial court and the prosecution appealed. The Colorado Supreme Court reversed the trial court because, although the initial warrantless entry and search of Mr. Hebert's home violated the Fourth Amendment, the redacted affidavit established probable cause to issue a search warrant. *People v. Hebert*, 46 P.3d 473 (Colo. 2002). Following a jury trial on remand, Mr. Hebert was convicted of first degree murder and he was sentenced to life in prison without the possibility of parole. The judgment of conviction was affirmed on direct appeal. *See People v. Hebert*, No. 03CA1471 (Colo. App. Feb. 15, 2007) (#9-2) (unpublished). On November 5, 2007, the Colorado Supreme Court denied Mr. Hebert's petition for writ of certiorari on direct appeal. (*See* #9-4.)

Following his direct appeal, Mr. Hebert filed in the trial court a postconviction motion to vacate his conviction based on witness perjury and newly discovered evidence. (*See* #9-5 at 6.) On May 27, 2009, the trial court denied that motion. (*See id*. at 3.) Mr. Hebert filed a notice of appeal from the trial court's May 27, 2009 ruling and that appeal remains pending in the Colorado Court of Appeals.

In November 2010, Mr. Hebert filed in the Colorado Supreme Court a petition pursuant

to Colorado Appellate Rule 21. The Colorado Supreme Court denied the Rule 21 petition on November 22, 2010. (*See id.* at 1.)

The instant action was filed on January 6, 2011. Mr. Hebert asserts three claims for relief in the Petition labeled "Illegal Search," "Illegal Seizure," and "Void Judgment" and he identifies each claim as a Fourth Amendment claim. Mr. Hebert does not assert any specific facts in support of his claims in the Petition. Instead, he refers to the Memorandum in Support for a discussion of the facts. Based on Mr. Hebert's discussion of his claims in the Memorandum in Support, it appears that he is challenging the warrantless search of his home in the first claim, his warrantless arrest in the second claim, and the sufficiency of the redacted affidavit that was used to support probable cause for issuance of a search warrant in the third claim.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). Respondents also concede that Mr. Hebert has exhausted state remedies for his claim challenging the legality of the search of his home based upon his contention that the search warrant affidavit contained intentionally false and inaccurate statements. Although Respondents refer to the exhausted claim as claim one, the Court finds that Mr. Hebert's claim challenging the legality of the search of his home based upon his contention that the search warrant affidavit contained intentionally false and inaccurate statements actually is claim three. Respondents argue that Mr. Hebert's other Fourth Amendment claims, the warrantless search and warrantless arrest claims the Court has identified as claims one and two, are not exhausted and are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state

remedies are available or effective to protect the petitioner's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that the only claim raised and exhausted by Mr. Hebert is his Fourth Amendment claim challenging the legality of the search of his home based upon his contention that the search warrant affidavit contained intentionally false and inaccurate

statements. Mr. Hebert specifically argues in his third claim in this action that the redacted search warrant affidavit contained intentionally false and inaccurate statements and did not establish probable cause. Mr. Hebert raised this claim on direct appeal from the judgment of conviction. However, based on the Court's examination of the briefs filed by Mr. Hebert on direct appeal, Mr. Hebert did not raise on direct appeal either his claim challenging the original warrantless search or his claim challenging the warrantless arrest.

Mr. Hebert argues in his reply to the Pre-Answer Response that his claim challenging the warrantless arrest is exhausted because, prior to trial, the trial court determined there was no probable cause for the arrest and the Colorado Supreme Court reversed the trial court following the prosecution's interlocutory appeal. The Court rejects this argument because the fact that the trial court may have addressed the warrantless arrest claim does not demonstrate that the claim was fairly presented to the Colorado Supreme Court. Mr. Hebert also fails to demonstrate that the warrantless arrest claim was fairly presented to the Colorado Supreme Court in the interlocutory appeal.

> In this interlocutory appeal, the prosecution challenges suppression of (1) observations made by police during the brief warrantless search of the residence; (2) evidence and observations obtained during a search of the home pursuant to a warrant issued on April 12, 2001; and (3) evidence and observations obtained during a search of the home pursuant to a warrant issued on October 2, 2001.

*Hebert*, 46 P.3d at 378.

Although not asserted in his reply to the Pre-Answer Response, Mr. Hebert apparently contends in the application that he exhausted state remedies for his claims challenging the original warrantless search and the warrantless arrest in the Rule 21 petition he filed in the

Colorado Supreme Court.  The Court disagrees because the original Rule 21 petition did not satisfy the fair presentation requirement.

If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).  The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).  Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument.  *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).  Therefore, because Mr. Hebert fails to demonstrate that the Colorado Supreme Court addressed the merits of the claims he raised in his original Rule 21 petition, the Court concludes that Mr. Hebert's claims challenging the original warrantless search and the warrantless arrest are not exhausted.

Although Mr. Hebert failed to exhaust state remedies for his claims challenging the original warrantless search and the warrantless arrest, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Hebert no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  The Court finds that Mr. Hebert no longer has an adequate and effective state remedy available to him because postconviction review is not available in Colorado to raise claims that could have been raised in a prior action.

*See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). Therefore, the Court finds that Mr. Hebert's claims challenging the original warrantless search and the warrantless arrest are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Hebert's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Hebert must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [Petitioner]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Mr. Hebert fails to demonstrate cause and prejudice for his procedural default or that a failure to consider his claims challenging the original warrantless search and the warrantless arrest will result in a fundamental miscarriage of justice. It is not even clear what relief Mr.

Hebert hopes to achieve with respect to his claims challenging the original warrantless search and the warrantless arrest. The Colorado Supreme Court affirmed the trial court's determination that the initial warrantless search violated the Fourth Amendment and the evidence obtained in that search was redacted from the affidavit used to support issuance of a search warrant. Mr. Hebert also fails to allege or explain how the allegedly unconstitutional warrantless arrest impacted his trial and resulting conviction. Instead, Mr. Hebert's arguments in this action all focus on the constitutional validity of the search of his home following issuance of a search warrant, the issue he raises in his exhausted claim three. As a result, Mr. Hebert's claims challenging the original warrantless search and the warrantless arrest are procedurally barred.

In summary, Respondents concede that this action is timely and that Mr. Hebert has exhausted state remedies for his Fourth Amendment claim challenging the legality of the search of his home based upon his contention that the search warrant affidavit contained intentionally false and inaccurate statements. Mr. Hebert's claims challenging the original warrantless search and the warrantless arrest will be dismissed as unexhausted and procedurally barred.

For the reasons discussed above, it is ORDERED that Petitioner's claims challenging the original warrantless search and the warrantless arrest, claims one and two in the application, are **DISMISSED** as unexhausted and procedurally barred. It is FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim. It is FURTHER ORDERED that within thirty days of the filing of the answer Petitioner may file a reply, if he desires.

DATED this 16th day of March, 2011.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge